**E.J.D. DIAMOND MANUFACTURER, Sergey Diamonds, Movants–Appellants,**

v.

**UNITED STATES of America, Petitioner–Appellee,**

**Roman Nektalov, Defendant.**

No. 06–3823–cv.

United States Court of Appeals, Second Circuit.

April 11, 2008.

---

Bettina Schein, New York, NY, for Appellants.

Seetha Ramachandran, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Katherine Polk Failla, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, SONIA SOTOMAYOR and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Movants-appellants E.J.D. Diamond Manufacturer ("EJD") and Sergey Diamonds ("Sergey") (collectively, "movants") appeal a final order of forfeiture in the criminal action captioned *United States v. Roman Nektalov,* 440 F.Supp.2d 287 (S.D.N.Y.2006). On appeal, they argue that the District Court erred in finding that the movants had not established by a preponderance of the evidence that they were the rightful owners of diamonds seized in an unrelated criminal action resulting in the arrest of a New York diamond merchant. The underlying facts and procedural history are a matter of record and we recount here only those aspects that are pertinent to the disposition of the case.

Movants are both Israeli diamond dealers who did business with Roman Jewelers, a retail jewelry store in New York's "diamond district." On June 4, 2003, Roman Nektalov, the proprietor of Roman Jewelers, was arrested and charged with money laundering in violation of 18 U.S.C. § 1956. At the time of the arrest, government law enforcement personnel seized 739 loose diamonds used in the money laundering. After the criminal trial resulted in a judgment of conviction on one count of money laundering on July 27, 2004, the District Court entered a preliminary order of forfeiture on November 4, 2004 that provided that Nektalov's right, title, and interest in the diamonds was to be forfeited to the United States. On November 19 and 29, 2004, EJD and Sergey separately filed petitions pursuant to 21 U.S.C. § 853(n)(2) and (3), claiming that the diamonds belonged to them as owners who had given their diamonds to Roman Jewelers under a consignment arrangement. Following a hearing held on January 10 and 11, 2006, the District Court denied movants' petitions and entered a final order of forfeiture on July 20, 2006.

Movants argue that the District Court erred in failing to find that they demonstrated by a preponderance of the evidence that they were the rightful owners of the diamonds seized. We review a district court's legal conclusions regarding an order of forfeiture *de novo, Pacheco v. Serendensky,* 393 F.3d 348, 351 (2d Cir.2004). Pursuant to 21 U.S.C. § 853(n)(6),

**67**

If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that ... the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section ... the court shall amend the order of forfeiture in accordance with its determination.

Accordingly, movants must establish their legal right, title or interest or that such rights as they may have had were superior to those of Nektalov at the time of the commission of the money laundering for which Nektalov stands convicted. *See United States v. Schwimmer,* 968 F.2d 1570, 1580 (2d Cir.1992) (identifying the elements required for an amendment of an order of forfeiture).

"[T]he District Court's factual findings may be disturbed only if they are clearly erroneous, and we are to show 'due regard' for a trial court's assessment of the credibility of witnesses." *United States v. All Assets of G.P.S. Auto. Corp.,* 66 F.3d 483, 488 (2d Cir.1995) (citing Fed.R.Civ.P. 52(a)). Here, the District Court found that movants did not establish by a preponderance of the evidence that they had legal title to the diamonds in question, noting that their testimony "strain[ed] credulity." In particular, the Court found that movants, lacking any record or written description of the diamonds they allegedly consigned to Roman Jewelers, could not prove that the seized diamonds were in fact the diamonds they had provided to Roman Jewelers. The Court also found that, even if they had proved that these diamonds were the diamonds they provid-

ed to Roman Jewelers, movants had provided no documentary evidence of a consignment relationship, and the evidence that was presented was contradictory or dubious. We find no error in the District Court's findings.

## CONCLUSION

For the reasons stated above and substantially for the reasons stated by the District Court in its Opinion and Order of July 20, 2006, the judgment of the District Court is **AFFIRMED.**